JAMES A. FENDERSON *versus* JOHN W. OWEN.

Where it is necessary to determine the date of a promissory note in suit, and offered in evidence, and the name of the month is so inartificially written that, upon inspection, the presiding Judge cannot determine whether it should be read June or January, extraneous evidence is admissible to show the true date.

And the question is a proper one to be submitted to a jury.

ON EXCEPTIONS.

ASSUMPSIT on a promissory note.

The writ was dated June 4, 1864, and described the note as "bearing date June 5, 1858."

Plea, general issue and statute of limitations. Upon the production of the note at the trial, the defendant claimed that it appeared on its face to be dated Jan. 5, and not Jun. 5, and thereupon objected to its admission on the ground of variance. The plaintiff claimed that it appeared on its face to be dated Jun. 5, 1858. The plaintiff then called a witness to testify that the written date upon the note was Jun. and not Jan.

The defendant seasonably objected to this testimony, claiming that it was not admissible at all; but, if admissible, it should be addressed to the Court and not to the jury; that the Court must not only construe the written contract, but determine what the writing in fact was; and requested the presiding Judge so to rule and direct. The defendant also objected to the note's being read to the jury, until the presiding Judge had determined what the written date was, and whether there was a variance or not; but the Judge overruled the objections, admitted the testimony, directed it to go to the jury as to what the written date was, admitted the note, and declined to determine or rule upon the alleged variance.

After the testimony was all before the jury, the presiding Judge instructed them that the letters of the dating month were so inartificially made, he could not determine by inspection of the note, whether it should be read June 5, 1858, or January 5, 1858, and that they would determine, from all the evidence in the case, what was the true date; that the plaintiff had declared on a note dated June 5, 1858, and, to entitle him to a verdict, the proof must correspond with the allegation; and that, unless they found, from the evidence, that the true date of the note was June 5, 1858, their verdict should be for the defendant.

The verdict was for the plaintiff, and the defendant alleged exceptions.

*Strout & Gage*, for the defendant.

Written contracts are to be construed by the Court; and the same rule necessarily requires the Court to ascertain from the paper itself what its contents are, which are to be thus construed by it; and evidence *aliunde* is not admissible. 7 Miss., 550, cited in 4 U. S. Dig., 450; *Com.* v. *Riggs*, 14 Gray, 376; *Com.* v. *Davis*, 11 Gray, 9; 1 Greenl. on Ev., § 280.

If evidence is admissible, it should be addressed to the Court, and not to the jury. *Rennan* v. *Hayward*, 2 Ad. &

El., 666. Variance is always a question for the Court. *Prescott* v. *Hayes*, 43 N. H. 593; *Gorien* v. *Hadsell*, 9 Cush., 511; *Jenkins* v. *Davis*, 10 Ad. & El., N. S., 323; *Dole* v. *Thurlow*, 12 Met., 159; *Boyle* v. *Wiseman*, 33 Eng. Law & Eq., 393.

*W. H. Vinton & L. B. Dennett*, for the plaintiff,

Cited 1 Greenl. on Ev., § 49; *Jackson* v. *Stanly*, 10 Johns., 133; *Sanderson* v. *Piper*, 5 Bing., (N. C.,) 425; 1 Greenl. on Ev., § 297, note 2, and cases there cited; *Norman* v. *Merrill*, 4 Vesey, 769, (U. S. Dig., 732, § 1718,); *Gibbett* v. *Beachy*, 3 Sim., 24; *Sweet* v. *Lee*, 3 M. & G., 452; *Farm. and Mech. Bank* v. *Day*, 13 Vt., 36.

WALTON, J. — When it is necessary to determine the date of a paper offered in evidence, and the name of the month is so inartificially written that upon inspection the presiding Judge is unable to determine whether it should be read June or January, extraneous evidence is admissible to show the true date, and the question is a proper one to be submitted to the jury. So held in *Armstrong* v. *Burrows*, 6 Watts, 266, where the question was fully considered.

The same word was in dispute in that case as in this, namely, whether the name of the month in the date of a paper should be read June or January; and the Court held that the question was for the jury, and not the Court.

This is so upon principle as well as authority. To the Court belongs the duty of declaring the law, but it is the province of the jury to weigh evidence and determine facts. Whether certain characters were intended to represent one word or another, is not a question of law; it is a question of fact; and when the fact is in dispute, and to ascertain the truth it is necessary to resort to extraneous evidence, (circumstantial and conflicting it may be,) its ascertainment would seem upon principle to belong to the jury and not to the Court.

It is undoubtedly the duty of the Court to interpret written contracts. But reading and interpreting are very different matters. A blind man may interpret, but he cannot read. The language must be ascertained before the work of interpretation commences. It does not follow that because it is the duty of the Judge to interpret, it is therefore his duty to read the paper in controversy.

*Exceptions overruled.* — *Judgment on the verdict.*

APPLETON, C. J., KENT, BARROWS, DANFORTH and TAPLEY, JJ., concurred.